In the Matter of J. NICHOLAS TLAGA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 16, 1991

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, J. Nicholas Tlaga, was admitted to the practice of law in New York in the Second Judicial Department on March 20, 1985. At all times relevant herein, he has maintained an office for the practice of law in the First Judicial Department.

Petitioner, the Departmental Disciplinary Committee for the First Judicial Department, has moved pursuant to 22 NYCRR 603.4 (e) (1) (i) for an order suspending respondent from the practice of law forthwith and until such time as disciplinary matters concerning respondent's conduct now before the Committee have been concluded.

The petitioner's motion comes in the following context. In September 1989, petitioner received a memorandum from the office of the Assigned Counsel Plan reporting that the respondent had been seriously delinquent in pursuing two criminal appeals which had been assigned to him in October 1987. The Assigned Counsel Plan's attempts to reach the respondent concerning his delinquency had been unavailing and in August 1989 this court relieved respondent of his assignment in both of the appeals as to which delinquency had been alleged.

After having been notified of respondent's delinquency, petitioner instituted a *sua sponte* complaint against the respondent. By letter dated October 6, 1989, addressed to the respondent at his 11 Park Place office, the Committee advised respondent of the pendency of the complaint and requested that he answer the allegations lodged against him. When respondent failed to acknowledge the October 6, 1989 letter, one of petitioner's investigators visited the 11 Park Place office and was advised that respondent had ceased coming to the office some months before, and that his whereabouts were unknown. Petitioner's repeated attempts over the ensuing months to locate the respondent and advise him of the complaint against him were uniformly unsuccessful. Inquiries revealed that, in addition to having stopped coming to his office, respondent no longer received mail at his office or picked up messages from his answering service. Letters sent to the respondent's home address were returned marked "Moved, Not Forwardable" and inquiries made of the Postmaster confirmed that the respondent had in fact moved from his home without leaving a forwarding address. Office of Court Administration records disclosed that respondent had let his registration as an attorney lapse in violation of Judiciary Law § 468-a.

In view of its many unavailing efforts to locate the respondent and serve him personally, petitioner sought, and on November 19, 1990 obtained an order pursuant to Judiciary Law § 90 (6), permitting service upon the respondent by mail and publication. Service has since been made in the prescribed manner but the respondent has made no answer, either to the complaint or the present motion for an interim suspension.

In support of its motion, the petitioner points out that respondent is charged with serious misconduct and that if respondent is still engaged in or resumes the practice of law the public may be placed at risk. It is further pointed out that respondent's default in answering the complaint and the within motion constitute grounds for suspension pending the final disposition of the complaint (22 NYCRR 603.4 [e] [1] [i]).

In view of the seriousness of the allegations against the respondent, his failure to maintain a current registration as an attorney or to in any other way make himself accessible to petitioner notwithstanding petitioner's extensive efforts, and of his default in answering the complaint and the within motion, we think that petitioner's request for an interim suspension of the respondent ought to be granted (see, Matter of Linn, 129 AD2d 219; Matter of Erlin, 126 AD2d 83).

Accordingly, the petitioner's motion is granted and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) forthwith and until such time as the complaint against him has been finally disposed of.

MURPHY, P. J., MILONAS, KUPFERMAN, SMITH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, until such time as the complaint against him has been finally disposed of, and until the further order of this court.