[613 NYS2d 143]

In the Matter of WAYNE W. KIM (Admitted as WON TAE KIM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 31, 1994

**APPEARANCES OF COUNSEL**

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Wayne W. Kim, was admitted to the practice of

law in New York by the Third Judicial Department on April 26, 1988 under the name Won Tae Kim. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) suspending respondent from the practice of law forthwith based upon his failure to cooperate with the Committee in its investigation of allegations of professional misconduct and other uncontested evidence of professional misconduct.

The Committee states that to date, respondent has failed or refused to submit any answer to the allegations contained in a number of complaints against him and has not contacted the Committee. Furthermore, respondent has apparently abandoned the practice of law in this jurisdiction without taking adequate steps to protect his clients' interests.

By order (M-6607) of this Court entered February 4, 1994, the Committee was granted permission to serve respondent with this motion to suspend by publication in the New York Law Journal and by regular mail at respondent's last known business addresses in Manhattan and Philadelphia. Respondent was served in accordance with the terms of this Court's order and to date, he has not interposed a response to this motion.

22 NYCRR 603.4 (e) (1) provides in pertinent part as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding, or * * *

"(iii) other uncontested evidence of professional misconduct."

In the case at bar, the Disciplinary Committee is investigating approximately seven complaints which have been filed against respondent. Two of those complaints allege neglect

and failure to contact clients. Two other complaints allege failure to turn over funds belonging to clients. To date, respondent has not served responses to any of these complaints despite numerous requests that he do so and he has not submitted a response to this motion to suspend him from the practice of law. According to respondent's former law associate, respondent has abandoned his law practice and left the country.

In view of the seriousness of the allegations against respondent, his failure to make himself accessible to the Committee, his total disregard for his clients' interests and his default in answering the complaints and the within motion, we conclude that respondent should be immediately suspended from the practice of law. *(See, Matter of Tlaga,* 165 AD2d 494 [1st Dept 1991]; *Matter of Erlin,* 126 AD2d 83 [1st Dept 1987].)

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded and until further order of this Court.

SULLIVAN, J. P., CARRO, WALLACH, KUPFERMAN and ASCH, JJ., concur.

Motion is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court, as indicated.