[629 NYS2d 436]

In the Matter of RALPH M. GUTSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 20, 1995

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ralph M. Gutstein was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on June 19, 1978. The Departmental Disciplinary Committee (the Committee), by motion dated March 17, 1995, seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of this Court based upon uncontroverted evidence of respondent's professional misconduct and due to his willful failure to cooperate with the Committee's investigation.

The Committee initially opened its investigation of respondent's professional misconduct in February 1994 after receiving the first of 13 complaints against him, his partner Steven J. Schwartz, and their firm, Schwartz, Gutstein & Associates. The complaints allege that respondent converted client funds; made misrepresentations to clients; improperly borrowed money from clients; failed to repay borrowed funds; failed to promptly notify clients of settlements; failed to promptly forward funds from settlements to clients; and neglected legal matters entrusted to them.

During the course of the investigation, respondent disappeared and his whereabouts have been unknown since September 19, 1994 despite efforts by his attorneys, former partner and ex-wife to locate him. Prior to his disappearance, respondent failed to cooperate with the Committee during the course of its investigation, failed to answer the complaints and failed to produce escrow account records despite numerous requests that he do so. Once those records were subpoenaed directly from the bank, the Committee ascertained that respondent had indeed mishandled funds belonging to clients.

Mr. Schwartz, respondent's partner, submitted his resignation from the Bar to this Court in December 1994. Mr. Schwartz admitted that he and Mr. Gutstein failed to repay funds borrowed from clients, failed to notify certain clients of settlements, failed to promptly pay certain clients, and neglected legal matters which the firm was handling. In view of the foregoing admissions, this Court accepted Mr. Schwartz' affidavit of resignation and his name was stricken from the roll of attorneys (Matter of Schwartz, 208 AD2d 311).

As a result of respondent's disappearance, the Committee moved, in December 1994, for permission to serve respondent with the within motion by publication. By order entered March 15, 1995, this Court granted such permission, directing that respondent be served by publication in the New York Law Journal and by first class mail to his last known address.

As a result, the Committee served the within notice of motion to suspend by publication in the New York Law Journal on March 21, 1995 and by first class mail to his last known address on March 17, 1995.

Adding to his failure to cooperate with the Committee's investigation, respondent, to date, has failed to interpose a response to this motion. We conclude, therefore, that respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." *(Matter of Gordon,* 142 AD2d 135, 137; *see also, Matter of Lubell,* 189 AD2d 186; *Matter of Valdes,* 160 AD2d 31.)

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ELLERIN, J. P., ROSS, ASCH, WILLIAMS and TOM, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective July 20, 1995, pending the conclusion of all disciplinary proceedings and until the further order of this Court.