[635 NYS2d 461]

In the Matter of WAYNE W. KIM (Admitted as WON TAE KIM), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 26, 1995

APPEARANCES OF COUNSEL

*Erania M. Ebron-Fubara* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Wayne W. Kim, was admitted to the practice of law in the State of New York by the Third Judicial Department on April 26, 1988 under the name Won Tae Kim. At all times pertinent to this proceeding respondent had maintained an office for the practice of law within the First Judicial Department.

By order entered May 31, 1994, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), effective July 1, 1994, based upon his failure to cooperate with the Committee in its investigation of allegations of professional misconduct and other uncontested evidence of professional misconduct (*Matter of Kim,* 197 AD2d 324).

The Committee's investigation was based upon seven complaints which had been filed against respondent. Two of those complaints alleged neglect and failure to contact clients. Two other complaints alleged failure to turn over funds belonging to clients.

After respondent failed to respond to numerous inquiries by the Committee regarding the complaints and having learned from respondent's former law associate that respondent had abandoned his law practice and left the country, the Committee moved for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) suspending respondent from the practice of law based upon his willful failure to cooperate with the Committee and other uncontested evidence of professional misconduct.

By order of this Court entered February 4, 1994, the Committee had been granted permission to serve the notice of motion to suspend respondent and all other papers in connection with these proceedings by publication in the New York Law Journal and by first-class mail at the respondent's last known business addresses in Manhattan and Philadelphia, pursuant to Judiciary Law § 90 (6).

The Committee's motion to suspend was served upon respondent in accordance with the terms of the order of publication. The Committee's notice of motion specifically stated that the Committee was moving to suspend respondent pursuant to 22 NYCRR 603.4 (e) (1) and then disbar him pursuant to 22 NYCRR 603.4 (g) "should respondent fail to appear or apply in writing to the Committee or the Court for a hearing or

reinstatement within six months from the date of [his] suspension".

Respondent failed to interpose an answer to the Committee's motion to suspend.

As set forth above, this Court granted the Committee's motion and directed that respondent be suspended from the practice of law, effective July 1, 1994, and until further order of this Court.

A copy of this Court's order of suspension and notice of entry was served upon respondent, at his last known business address in Manhattan, by first-class mail on December 5, 1994.

A copy of this Court's order of suspension and notice of entry was also served upon the respondent, at his last known business address in Philadelphia, by first-class mail on December 5, 1994.

Service by publication of the order of suspension was completed on December 9, 1994 when this Court's order of suspension and notice of entry appeared in the New York Law Journal.

By motion dated June 16, 1995, the Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (g) disbarring respondent and striking his name from the roll of attorneys based upon his failure to appear or apply in writing to the Committee or the Court for a hearing within six months of the effective date of the suspension order. The Committee advises that since the effective date of the order of suspension, three additional complaints have been filed against respondent and the time to answer the allegations in these new complaints has expired. The Committee states that respondent has failed to answer these additional complaints.

The Committee asserts that the instant notice of motion and affirmation in support were served by first-class mail at respondent's last known business addresses in Manhattan and Philadelphia on June 16, 1995. In addition, the instant notice of motion and affirmation in support were published in the New York Law Journal on June 16, 1995, thereby completing service by publication pursuant to this Court's order.

To date, respondent has not interposed a response to this motion which seeks to strike his name from the roll of attorneys.

Rules of this Court (22 NYCRR) § 603.4 (g) provides as follows: "(g) An application for suspension pursuant to section 603.4 (e) (1) may state that an attorney who is suspended and

who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of an order of suspension may be disbarred. If an application does not state the foregoing, and the respondent does not appear or apply in writing to the Committee or the Court for a hearing or reinstatement within six months of the suspension date, the respondent may be disbarred without further notice."

In the case at bar, respondent was served with a notice of motion to suspend for failure to cooperate which contained the notice to disbar as provided in section 603.4 (g). Respondent failed to respond to that motion. Thereafter, a copy of this Court's order of suspension with notice of entry was served upon respondent in accordance with the terms of the order of publication in December 1994. To date, respondent has not appeared or applied in writing to the Court or the Committee for a hearing or reinstatement since July 1, 1994, the effective date of the suspension order. More than six months have passed since the date of the suspension order thus warranting disbarment pursuant to 22 NYCRR 603.4 (g). In addition, respondent has now failed to respond to this motion to disbar.

Accordingly, the Committee's motion is granted and respondent's name is stricken from the roll of attorneys pursuant to Rules of this Court (22 NYCRR) § 603.4 (g).

SULLIVAN, J. P., ROSENBERGER, WALLACH, KUPFERMAN and ASCH, JJ., concur.

Motion granted and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective October 26, 1995.