[663 NYS2d 216]

In the Matter of SCOTT MCKAY WOLAS (Admitted as SCOTT JONATHON WOLAS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 1997

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Scott McKay Wolas was admitted to the practice of law in the State of New York by the First Judicial Department on April 25, 1977, as Scott Jonathon Wolas. At all times

relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, based upon his willful failure to cooperate with the Committee in its investigation of complaints of professional misconduct against him. Respondent has not appeared in this proceeding.

The initial complaint against respondent, in August 1995, was filed with the Committee by respondent's former employer, the law firm Hunton & Williams. The firm had received complaints from several of respondent's clients that respondent fraudulently induced them into certain investments. Respondent withdrew from the firm in July 1995. The investors' allegations are presently the subject of two Federal Court actions (see, Acousti v Wolas, 95 Civ 5267 [ED NY]; Barone v Hunton &Williams, 96 Civ 0527 [SD NY]).

The Committee made several unsuccessful attempts to locate respondent in order to serve a sua sponte complaint. According to Office of Court Administration (OCA) records, respondent last registered as an attorney in 1994, and is presently unregistered. The most recent business address in OCA's records was at the law firm Hunton & Williams, who have no information as to his present whereabouts. On October 18, 1996, the Committee sent a letter by regular and certified mail to respondent at his last known home address. That letter, and a separate letter specifically requesting a forwarding address, were both returned by the post office with a notation that respondent had moved and left no forwarding address. On November 25, 1996, a Committee investigator visited respondent's last known home address and the house appeared unoccupied. Neighbors confirmed that respondent had not lived there for over a year.

Respondent has not answered the complaints in either Federal action and the attorneys for the plaintiffs in those actions do not know where he is. As of February 25, 1997, the local District Attorney investigating respondent's alleged fraudulent activities likewise had no knowledge of his whereabouts.

On April 14, 1997, the Committee moved this Court for an order permitting them to serve respondent with the instant motion by publication and by first class mail to respondent's last known home address. This Court, by order entered April 18, 1997, granted the Committee's motion directing that re-

spondent be served by publication in the New York Law Journal and by regular mail at his last known home address. Four notices of the instant motion appeared in the New York Law Journal on May 21, May 28, June 4 and June 11, 1997, and there has been no response.

The Committee's diligent but unsuccessful efforts in locating respondent demonstrate that he has intentionally made himself inaccessible to the Committee. Such conduct constitutes willful noncompliance with a Committee investigation, authorizing immediate suspension under 22 NYCRR 603.4 (e) (1) (i) *(see, Matter of Gutstein,* 212 AD2d 200; *Matter of Kim,* 197 AD2d 324).

Accordingly, the Committee's motion is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.

MILONAS, J. P., WALLACH, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Departmental Disciplinary Committee for the First Judicial Department have been concluded, and until the further order of this Court.