[670 NYS2d 826]

In the Matter of HOWARD W. CHAN (Admitted as HOWARD W.H. CHAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 1998

## APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Howard W. Chan was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on July 25, 1978, as Howard W.H. Chan. Respondent previously maintained an office for the practice of law within the First Judicial Department.

By motion dated October 3, 1997, the Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law based on his willful failure to cooperate with the Committee's investigation and other uncontested evidence of professional misconduct. The Presiding Justice of this Court previously granted the Committee's application for an order permitting notice by publication of this motion for an interim suspension (see, Judiciary Law § 90 [6]; 22 NYCRR 601.1). Respondent, however, has not appeared in this proceeding.

The Committee commenced a *sua sponte* investigation after receiving a dishonored check report from the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 1300.1. The report stated that respondent had issued a check in the amount of $3,000, which was dishonored due to insufficient funds in his IOLA account. The Committee subpoenaed respondent's bank records, which revealed that, between January and June 1996, respondent issued two checks from his IOLA account for $2,000 and $3,000, respectively, which were subsequently dishonored for insufficient funds. The bank records also show that respondent made two ATM withdrawals from the same account. The Committee's investigation further revealed that since 1995, respondent has failed to file an annual attorney registration statement, and pay the required fees, as required by 22 NYCRR 118.1.

The Committee's diligent efforts to locate respondent were unsuccessful. In March 1996, the Committee sent a letter to respondent's last known home/business address listed with the Office of Court Administration requesting a written answer to its *sua sponte* investigation. The Post Office returned the letter with the notation "Moved left no address." Upon the Committee's request for confirmation as to whether respondent received mail at that address, or whether he had left a forwarding address, the Post Office provided the same response. Further inquiry revealed that the telephone number at that address had been disconnected. Finally, a Committee investigator visited that location where the landlord informed him that respondent had moved back to China several months ago, without leaving a new address.

Pursuant to 22 NYCRR 603.4 (e) (1), an attorney who is the subject of an investigation by the Committee for alleged profes-

sional misconduct may be suspended from the practice of law pending consideration of the charges where "the attorney is guilty of professional misconduct immediately threatening the public interest." Such a finding may be based on the attorney's failure to answer the charges, or to cooperate with a Committee investigation (22 NYCRR 603.4 [e] [1] [i]), or on "other uncontested evidence of professional misconduct" (22 NYCRR 603.4 [e] [1] [iii]).

Respondent's immediate suspension is warranted since he has intentionally made himself inaccessible to the Committee, and has failed to respond to the charges of professional misconduct (*Matter of Wolas*, 236 AD2d 55; *Matter of Kim,* 197 AD2d 324). In addition, the Committee has provided uncontroverted evidence of respondent's professional misconduct regarding use of his IOLA account (*see,* Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., MILONAS, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Application granted to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until the further order of this Court.