[710 NYS2d 593]

In the Matter of MARK R. RENNIE, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 2000

#### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Mark R. Rennie, was admitted to the practice of

law in the State of New York by the First Judicial Department on July 17, 1989. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By notice of petition dated June 24, 1999, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation. The Committee's motion was based upon respondent's lack of cooperation in the Committee's investigation into allegations of professional misconduct involving conversion of client funds, misrepresentation in an employment contract, and that respondent was guilty of contempt in a civil action in Supreme Court, New York County, involving his failure to account for hundreds of thousands of dollars in client funds. Respondent initially appeared to cooperate with the Committee by providing some information and an answer in response to the first complaint; however, he disregarded subsequent requests and failed to appear for his deposition in response to a subpoena.

The Committee's notice of petition to suspend specifically advised respondent, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice. Respondent did not answer the petition seeking his suspension.

By order dated October 19, 1999, this Court granted the Committee's petition and suspended respondent from the practice of law pending further disciplinary proceedings (*Matter of Rennie*, 260 AD2d 132).

The Committee now moves for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii) and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension.

More than six months have now elapsed since the date of this Court's October 19, 1999 order suspending respondent and he has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement.

Accordingly, in light of the foregoing, petitioner's motion seeking to disbar respondent pursuant to 22 NYCRR 603.4 (g)

should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

SULLIVAN, P. J., WILLIAMS, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Motion granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.