[720 NYS2d 2]

In the Matter of GEORGE RODRIGUEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 9, 2001

**APPEARANCES OF COUNSEL**

*James T. Shed* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the New York Bar at the First Judicial Department in 1991, and has maintained an office for such practice within this Department at relevant times since then. He has not appeared in response to this motion to suspend.

Petitioner Departmental Disciplinary Committee opened its investigation in late 1999, after the Lawyers' Fund for Client Protection reported that respondent had issued a subsequently dishonored check drawn on his attorney escrow account. During the course of that investigation, petitioner has received no less than 11 independent complaints from clients whose causes, all taken on by respondent since June 1999, were abandoned after the clients gave retainers aggregating more than $6,000. These cases involved matters ranging from criminal defense and bankruptcy, to divorce, probate, and an action to recover for embezzlement. In each case respondent took little or no action, and the client was never contacted. Several of these clients made their own efforts to track respondent down before reporting these matters to petitioner.

For the past year, petitioner's diligent efforts to locate respondent have been unsuccessful, even at the addresses listed by him on his most recent registration with the Office of Court Administration in December 1999. Respondent has failed to answer any of the 11 complaints delivered to his last known home and business addresses, or to contact petitioner in any way. In September 2000 this Court authorized service on respondent, by publication, of notice of this motion to suspend him from practice pending an investigation of disciplinary charges.

When an attorney is the subject of investigation into charges of professional misconduct, he may be immediately suspended from the practice of law as a threat to the public interest upon a finding of uncontested evidence of such misconduct, or of default in answering the charges (22 NYCRR 603.4 [e] [1]). Respondent's failure to answer any of these charges, or to cooperate in any way with petitioner's probe, evinces a shocking disregard for the judicial system that can only be interpreted as a deliberate and willful attempt to impede the disciplinary process (*Matter of Gordon*, 142 AD2d 135), warranting immediate suspension pending resolution of these matters (*Matter of Chan*, 240 AD2d 92).

Accordingly, the motion should be granted and respondent suspended from the practice of law in this State, effective immediately.

ROSENBERGER, J. P., WALLACH, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.