[732 NYS2d 398]

In the Matter of GEORGE RODRIGUEZ, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 8, 2001

**APPEARANCES OF COUNSEL**

*James T. Shed* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the New York Bar at the First Judicial Department in 1991, and has maintained an office for such practice within this Department at relevant times since then.

Petitioner Departmental Disciplinary Committee opened its investigation in late 1999, after the Lawyers' Fund for Client Protection reported that respondent had issued a subsequently dishonored check drawn on his attorney escrow account. During the course of that investigation, petitioner received no less than 11 independent complaints from clients whose causes, all taken on by respondent since June 1999, were abandoned after the clients gave retainers aggregating more than $6,000. These cases involved matters ranging from criminal defense and bankruptcy, to divorce, probate, and an action to recover for embezzlement. In each case respondent took little or no action, and the client was never contacted. Several of these clients made their own efforts to track respondent down before reporting these matters to petitioner.

For the past two years, petitioner's diligent efforts to locate respondent have been unsuccessful, even at the addresses listed by him in his most recent registration with the Office of Court Administration in December 1999. Respondent failed to answer any of the 11 complaints delivered to his last-known home and business addresses, or the dozens of letters sent by petitioner.

On January 9, 2001, this Court suspended respondent from the practice of law (279 AD2d 249), under 22 NYCRR 603.4 (e) (1), pending further investigation of disciplinary charges. That order was served by certified and first-class mail at respondent's last-known residence and place of business. Petitioner's application for that interim relief contained a notice (*see* 22 NYCRR 603.4 [g]) that failure to appear or apply for reinstatement within six months of suspension would subject respondent to disbarment without further notice.

More than six months have now elapsed since this Court's January 9 order of suspension from practice, during which period respondent has neither appeared nor applied to petitioner or this Court for a hearing or reinstatement. Accordingly, the instant motion seeking disbarment pursuant to 22 NYCRR

603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys authorized to practice law in this State, effective immediately (*Matter of Rennie*, 274 AD2d 287).

ROSENBERGER, J. P., WALLACH, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent disbarred, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.