[997 NYS2d 385]

In the Matter of SALVATORE V. AZZOLINE (Admitted as SALVATORE VINCENT AZZOLINE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 25, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Salvatore V. Azzoline was admitted to the practice of law in the State of New York by the Second Judicial Department on April 26, 1995 under the name Salvatore Vincent Azzoline. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee began an investigation into a client complaint filed on October 10, 2013 alleging that respondent had failed to inform the client of the dismissal, in 2008, of the 2003 benzene tort action of her now deceased father. Subsequently, respondent's law firm informed the Committee of his misconduct with respect to three separate matters, including the matter under investigation, in which he is alleged to have falsely represented their status to the firm. After dismissing respondent, the firm informed the Committee of six additional matters in which he is alleged to have engaged in deceit and misrepresentation.

Between October 2013 and March 2014, the Committee attempted to locate respondent in order to serve him with a copy of the complaints from his firm and his client, and to solicit his answer. Having ascertained that he lived at one of two addresses in New Jersey, the Committee sent letters to both, requesting his correct address and directing him to answer the complaints. Respondent did not answer these letters, which were not returned by the post office. On June 3, 2014, the request was repeated by regular and certified mailings to both addresses. The first-class mailings were not returned, and the mailings sent by certified mail were returned stamped "unclaimed," with one envelope marked up with the house number changed. On July 24, 2014, using the same methodology, the Committee sent respondent a judicial subpoena ad testificandum returnable August 15 at 11:00 a.m., with the same result.

On August 14, 2014, the day before the scheduled deposition date, the Committee's investigator was able to reach two cell phone numbers associated with one of the New Jersey addresses, leaving a message at the first and speaking to a person who identified himself as respondent's son, at the second. Respondent's son confirmed respondent's address and gave the investigator a phone number for respondent, where the

investigator likewise left a message. Respondent did not return the call; neither did he appear for his deposition the following day.

On September 3, 2014, a Committee staff attorney sent a notice to an email address obtained from respondent's firm dating back to his dismissal a year earlier. Respondent was advised that his "failure to follow the lawful directives of the Committee may subject you to a suspension unrelated to the underlying allegations of misconduct." The email went unanswered.

The Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) immediately suspending respondent from the practice of law for noncooperation with the Committee's investigation. In accordance with 22 NYCRR 603.4 (e) (1), an attorney who is the subject of an investigation by the Committee may be temporarily suspended, pending consideration of charges, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest, which may be predicated upon the attorney's failure "to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation." On numerous occasions, this Court has temporarily suspended attorneys accused of misconduct who, though aware that they were the subject of an investigation, refused to comply with the Committee's lawful demands (see Matter of Anyikwa, 109 AD3d 76 [1st Dept 2013]; Matter of Kamgar, 7 AD3d 114 [1st Dept 2004]; Matter of Wolas, 236 AD2d 55 [1st Dept 1997]).

Respondent has failed to respond to the Committee's letters seeking an answer to the complaints filed by his former law firm and a client. He has failed to respond to a subpoena requiring his appearance and defaulted on this motion seeking his immediate suspension. His conduct demonstrates a willful noncompliance with a Committee investigation warranting his immediate suspension.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Committee have been concluded, and until further order of this Court.