[820 NYS2d 570]

In the Matter of MERCEDES MEDINA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 24, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Nicole Corrado* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mercedes Medina was admitted to the practice of

law in the State of New York by the Second Judicial Department on May 20, 1998. Although the Committee believes she no longer maintains a law office within New York State, this Court maintains jurisdiction over respondent based on acts of misconduct committed within the First Department during all times in question.

By an unpublished, corrected order entered May 4, 2006 (M-1606), this Court granted the Committee's motion to permit service of its notice of motion to suspend upon respondent by publication in the New York Law Journal. On May 17, 2006, the notice of motion to suspend respondent was published in the New York Law Journal in accordance with this Court's order.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, based upon her willful failure to cooperate with the Committee's investigation into a complaint filed against her which immediately threatens the public interest, and her proffering misleading and/or erroneous contact information to the Office of Court Administration.

On September 16, 2003, the Committee received a complaint from Shirlene Bonner alleging, among other things, that in October 2002, respondent accepted $2,500 from her to bring a trademark infringement case but then neglected the matter by taking little if any action, and became unreachable after she changed her office phone numbers. Ms. Bonner's last contact with respondent was on February 14, 2003. The Committee sent respondent letters dated September 16 and October 29, 2003, notifying her of Bonner's complaint and requesting a written answer. However, both letters were returned to the Committee in January 2004 marked "not deliverable . . . unable to forward."

Almost one year later after the Committee conducted an extensive search of respondent's whereabouts, respondent contacted the Committee on November 23, 2004 by telephone, stating that she had relocated to Florida, where she is not admitted to practice law, and was unaware of the complaint but promised to answer it promptly. Thus, on November 24, 2004, another copy of the complaint and request that respondent file a written, specific response to the allegations of misconduct set forth in the complaint within 10 days were sent to respondent at her Florida address. However, the Committee represents that to date no answer from respondent has been received.

Moreover, the Committee telephoned respondent numerous times leaving messages in February and March 2005, to which she never responded. In August 2005, the Committee learned that her cell phone number was no longer in service and there was no forwarding information. The last letter sent to respondent was on December 2, 2005, but the certified letter was returned to the Committee unclaimed. The Committee argues that respondent has further frustrated their efforts to locate her by failing to advise OCA of changes in her business address and telephone number as required by Judiciary Law § 468-a.

Interestingly, about one week after the Committee filed its previous motion for service by publication, respondent updated her attorney registration information with OCA and paid $650 for past due and current fees. That updated information included a new business and home address in Miami Beach, Florida, and a new business phone number. Based upon that development, the Committee adjourned the service by publication motion in order to further investigate respondent's whereabouts. Upon further investigation, however, the Committee learned that respondent's new contact information listed with OCA was not only false but further demonstrated her convoluted attempts to evade cooperation with the Committee. Respondent's purported new business/home address was in reality a United Parcel Service (UPS) office located in a commercial strip mall, and no one at that location had personal or professional knowledge of respondent.

In addition, on two occasions the Committee called the new phone number provided by respondent and left a message on the unidentified female voice's recording for respondent to call the Committee. No communication has been received. Furthermore, on April 6, 2006, in response to the Committee's request, the Miami-Dade Sheriff's Department personally served the Committee's motions for service by publication and for an interim suspension on the manager of the UPS store, who confirmed that he had no knowledge of respondent.

The Committee now seeks to immediately suspend respondent based on her noncooperation with the Committee's investigation, pursuant to 22 NYCRR 603.4 (e) (1) (i). In addition, the Committee maintains that respondent's repeated failure to provide accurate and valid contact information with OCA is in violation of 22 NYCRR 118.1, which requires an attorney to make changes to her business address and phone number within 30 days of such change.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon: "(i) the attorney's default in responding to the petition or notice, or . . . to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Respondent's failure to cooperate with the Committee is well documented. Although she belatedly contacted the Committee in November 2004, respondent never answered the complaint as promised, made herself completely inaccessible to the Committee, provided erroneous and misleading contact information with the Office of Court Administration, and defaulted on the instant motion seeking her immediate suspension. Such conduct demonstrates a willful noncompliance with the Committee's investigation that threatens the public interest and warrants an immediate suspension from the practice of law (*see* Judiciary Law § 468-a; 22 NYCRR 118.1; *Matter of Murawinski*, 30 AD3d 129 [2006]; *Matter of Pierini*, 21 AD3d 42 [2005]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.

Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.