OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on May 19, 2005 under the name Gwen Elizabeth Snorteland. While respondent does not maintain a law office in this Department, jurisdiction attaches based upon her admission within the First Judicial Department (Rules of App Div, 1st Dept [22 NYCRR] § 603.1).
The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (I) immediately suspending respondent from the practice of law, until further order of this Court, based upon her willful failure to cooperate with the Committee’s investigation into allegations of professional misconduct which immediately threatens the public interest.
The Committee commenced a sua sponte investigation into respondent’s conduct after receiving a copy of a Security and Exchange Commission’s (SEC) complaint against respondent and a cease and desist order. The SEC complaint was based on charges surrounding respondent’s role as a transaction manager within an investment banking entity that mislead investors in a collateralized debt deal during the housing market crisis (2007-2008). Respondent settled the matter with the SEC and consented to the cease and desist order wherein she agreed to a one-year suspension without admitting or denying the SEC’s allegations. Upon receiving a copy of the complaint along with the cease and desist order, the Committee made a series of attempts to contact respondent.
By letter dated August 8, 2013, the Committee wrote respondent at her registered address in Michigan advising her of the sua sponte investigation, enclosing a copy of the SEC complaint and cease and desist order, and requesting a response to the allegations and findings by the SEC. A copy of the letter sent by first-class mail was returned stamped “Return to Sender” and “Canceled Mailbox.” The letter sent by certified mail was not returned. Thereafter, a Lexis search for respondent elicited two additional addresses, one in New York and one in Maine, with the Maine address being confirmed by her attorney in the SEC matter as a recent address. The Committee re-dated the August letter, and on October 2, 2013, sent a letter to respondent at the Maine address, again requesting an answer within 30 days. The *16 Maine post office sent respondent two notices about the certified letter before it was returned to the Committee.
The Committee also sent respondent a follow-up letter to the August 8 mailing by sending a letter on October 3, 2013 to the Michigan address as well as the newly obtained New York address. This letter advised respondent that she had 10 extra days to submit a response and that her failure to cooperate would expose her to the possibility of suspension for noncooperation. The first-class letters were not returned. However, the certified mailing to New York was returned marked “unable to forward.”
On November 21, 2013, a Committee staff attorney spoke with respondent’s attorney in the SEC matter. The Committee received a current address for respondent in Ohio. Thereafter, respondent telephoned the Committee staff attorney; extensively inquired about the investigation; stated that she did not want to deal with the investigation; asked if she could resign; and advised that she was no longer practicing law. The Committee staff attorney explained the resignation procedure for an attorney who is the subject of an investigation. Respondent asked the Committee to draft a proposed affidavit of resignation for her to review, make corrections and sign.
By letter dated December 9, 2013, the Committee wrote respondent; confirming the November 21, 2013 phone conversation and enclosed copies of the Committee’s original August 8, 2013 letter notifying her of the sua sponte investigation with the enclosures, and the October 3, 2013 letter advising her of the possible consequences of noncooperation. This letter was sent by first-class mail and certified mail to the new Ohio address with the certified copy being returned as “unclaimed.”
By letter dated January 13, 2014, the Committee sent respondent a draft affidavit of resignation and asked her to review it, make whatever changes she deemed necessary, sign it, and let the Committee know within 20 days what she planned on doing. Respondent did not reply within that time period. On February 19, 2014, respondent telephoned the Committee explaining that she had been very sick and unable to reply earlier but, in any event, she would not be resigning because she would not sign the document. The Committee staff attorney informed respondent of the option to seek an interim suspension due to incapacity if she was too ill to defend herself. Respondent was advised that she was required to file an answer to the sua sponte complaint and that if she failed to do so, her failure to cooperate could result in her interim suspension and eventual disbarment. *17 Further, respondent was provided five additional days to respond.
On February 24, 2014, the Committee received a handwritten letter from respondent dated February 19, 2014, which said: “I will not be filing an answer to the complaint or otherwise participate[ ] in this investigation ... So go ahead and disbar me for ‘failure to cooperate’.” Upon receipt of respondent’s letter, the Committee wrote her to offer the chance to document her claimed health issues with medical records within 10 days. Respondent did not reply.
It is uncontroverted that the Committee made numerous attempts to communicate with respondent, and that she has thwarted its investigation by failing to answer the sua sponte complaint. Thus, we find that respondent has wilfully failed to cooperate with the Committee’s investigation. While respondent eventually made contact with the Committee, she made affirmative statements that she will not provide an answer to the complaint as directed by the Committee; she will not participate in its investigation; she invites the Committee to suspend or disbar her; and she defaulted on the instant motion seeking her immediate suspension. Such conduct constitutes willful noncompliance with a Committee investigation and threatens the public interest warranting immediate suspension from the practice of law (see e.g. Matter of Jones, 74 AD3d 1 [1st Dept 2010]; Matter of Kaplan, 49 AD3d 107 [1st Dept 2008]; Matter of Medina, 33 AD3d 250 [1st Dept 2006]; Matter of Murawinski, 30 AD3d 129 [1st Dept 2006]).
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.
Gonzalez, EJ., Sweeny, Moskowitz, Richter and Clark, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.