[728 NYS2d 23]

In the Matter of AGOSTINHO D. REIS (Admitted as AGOSTINHO DIAS REIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 12, 2001

### APPEARANCES OF COUNSEL

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Agostinho Dias Reis was admitted to the practice

of law in the State of New York by the First Judicial Department on July 8, 1976. The Departmental Disciplinary Committee does not·believe that respondent maintains an office for the practice of law within the State.

By motion dated January 23, 2001, the Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law on the grounds of his willful failure to cooperate with the Committee's investigation and other uncontested evidence of professional misconduct that immediately threatens the public interest. Notice of this motion was published in the New York Law Journal on March 26, 2001, and there has been no response.

The Committee opened a *sua sponte* investigation into respondent's professional conduct after receiving a letter, dated October 7, 1998, from Justice Anthony A. Scarpino of the Supreme Court, Westchester County, describing respondent's behavior during proceedings in a matter titled *Carinha v Carinha*. Justice Scarpino wrote that respondent "exhibited an explosive temper and a total lack of civility and self control," and engaged in "loud and incoherent tirades, cursing, reckless allegations of criminal conduct, [and] name calling," among other things. Respondent also had written to Justice Scarpino insinuating that Justice Scarpino was part of a conspiracy to steal respondent's client's property and violate his civil and constitutional rights.

The Committee's October 15, 1998, letter to respondent's last known home address as listed with the Office of Court Administration (OCA) was returned marked "Forwarding Order Expired." Its October 21, 1998, letter to respondent's office address as provided in the court documents in *Carinha* went unanswered. However, on December 15, 1998, the Committee received two separate letters from respondent, although neither letter addressed Justice Scarpino's allegations regarding respondent's courtroom behavior. In one, respondent wrote, "I can fairly well discern what it is that bothers Judge Scarpino, especially since this is not the first charge of civil rights and constitutional violations lodged against him, as an attorney, as a candidate for judge, and as an FBI agent."

On December 29, 1998, respondent took the further opportunity the Committee had given him to address the issue of his courtroom behavior. He denied having an outburst or any other emotional reaction "when [Justice Scarpino's] court officer ordered me out of the courtroom at gun point," and

concluded, "The only aspect of my behavior which reflects on my *ability to practice law in Westchester* was my refusal to offer the Court a bribe, as a condition for representing my client on a *pro bono* basis" (emphasis in original).

According to OCA records, respondent last filed a sworn registration statement on May 14, 1997. He listed an address in Newark, New Jersey, as his home address, and he certified that he was retired from the practice of law, which relieved him of the requirement to pay the $300 registration fee. Notwithstanding this sworn statement, respondent has continued to practice law.

The Committee received complaints on March 3, August 10, and August 23, 2000, from clients of respondent alleging, respectively, that respondent had converted client funds, had neglected legal matters entrusted to him, including two employment discrimination matters which were dismissed for failure to file the proper documentation or timely commence an action, and had "disappeared" after filing a lawsuit without consulting the client. The Committee has been unable to locate respondent and has not been contacted by him since December 1998.

Respondent has failed to notify OCA of changes to his home and office addresses and phone numbers, as required by Judiciary Law § 468-a (2), and by continuing to practice law after filing a "false" retirement certification in 1997, he has failed to comply with the retirement certification as required by 22 NYCRR 118.1 (g).

Section 603.4 (e) (1) of the Rules of this Court provides, in pertinent part, that "[a]n attorney who is the subject of an investigation * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Such finding may be based upon the attorney's default in responding to any lawful demand of the Departmental Disciplinary Committee made in connection with any investigation, or other uncontested evidence of professional misconduct.

Respondent should be suspended immediately from the practice of law for failing to cooperate with the Committee by making himself inaccessible thereto and failing to respond to allegations of professional misconduct (*see, Matter of Chan*, 240 AD2d 92), and for abandoning and disregarding the interests of his clients, thereby constituting an immediate threat to the public interest (*see, Matter of Hurd*, 239 AD2d 62).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted, and respondent should be suspended from the practice of law, effective immediately, until further order of this Court.

NARDELLI, J. P., WILLIAMS, ELLERIN, LERNER and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.