[764 NYS2d 24]

In the Matter of BRANDON J. BOYD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 28, 2003

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Brandon J. Boyd was admitted to practice law in New York State by the First Judicial Department on June 21, 1982. At all times relevant to this proceeding, he has main-

tained an office for the practice of law within the First Judicial Department.

Previously, the Departmental Disciplinary Committee had sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from practicing law until further Court order, due to his willful failure to cooperate with the Committee in its investigation of a written complaint dated November 21, 2000, made by Jeffrey Segal, Senior Property Manager of Superior Management Inc. This complaint alleged that a $325 check to Superior drawn on respondent's IOLA account on November 3, 2000, had been returned for insufficient funds. Respondent's suspension was sought based upon his failure to provide his client's file relating to this complaint and records of his client's IOLA escrow account, despite the Committee's repeated requests, including a subpoena duces tecum, to do so.

By an unpublished order entered November 13, 2002, this Court denied the Committee's motion without prejudice to renewal in the event respondent failed to comply with the previously issued subpoena within 30 days of service of a copy of the order upon respondent at both his office and residential addresses in Sullivan County.

Between November 2002 and May 2003, the Committee contacted respondent several times. Although respondent gave assurances that he would provide the requested documents, he failed to do so. In June 2002, respondent did finally submit an answer to the original complaint explaining that he had made a bookkeeping error and he immediately made good on the bounced check when he returned from vacation. He also stated that he was in the process of obtaining the requested records. However, he never produced the requested copies of his client's IOLA account or his client's file.

Now, the Committee again seeks respondent's interim suspension from the practice of law until further order of the Court due to his willful failure to cooperate with the Committee in its investigation (22 NYCRR 603.4 [e] [1] [i]). Notwithstanding being served with the instant motion at both of his addresses, respondent has not submitted a response.

The Committee asserts that, in this particular matter, the Committee and this Court have gone to extraordinary lengths to obtain respondent's cooperation to avoid the need for his suspension. However, although respondent provided a belated answer to the complaint, he has never produced the requested IOLA account records and client file. Moreover, although re-

spondent represented to the Committee investigator in November 2002 that he no longer wished to practice law, respondent's failure to resolve this open disciplinary complaint or to answer either of the Committee's motions to suspend demonstrates a disregard for the most basic principles of professional responsibility.

Section 603.4 (e) (1) (i) of the Court Rules (22 NYCRR) explicitly provides for suspension from the practice of law of an attorney who demonstrates contempt for, or disregard of, official notices to cooperate with the Committee's investigation (*see also Matter of Gordon*, 142 AD2d 135, 137 [1988]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) to suspend respondent from the practice of law should be granted, respondent should be suspended from the practice of law, effective immediately, until the conclusion of pending disciplinary proceedings and until further order of this Court.

NARDELLI, J.P., TOM, ELLERIN, LERNER and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.