[777 NYS2d 467]

In the Matter of HUMA H. KAMGAR (Admitted as HUMA HANRATTY KAMGAR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 27, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee (Bianca Michelis* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Huma H. Kamgar was admitted to practice law

in New York State by the Second Judicial Department on January 5, 1994. At all times relevant herein respondent maintained an office for the practice of law within this Judicial Department.

Previously the Departmental Disciplinary Committee had obtained an order from this Court to serve the notice for the present motion upon respondent by publication in the New York Law Journal, which was done in November and December 2003. The Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court based upon her failure to cooperate with the Committee in its investigation, which failure immediately threatens the public interest.

In September 2001 a complaint was filed against respondent with the Committee alleging that she had neglected an immigration matter entrusted to her, which resulted in a denial of her client's political asylum application. The complainant alleged, inter alia: that after a fee had been agreed and paid respondent used the threat of deportation to exact additional payment; that adjournments were obtained without consultation; and that, subsequent to an administrative hearing at which respondent may not have been present, the complainant's application was denied and may have been later withdrawn by respondent without complainant's permission.

After a copy of the complaint was mailed and returned to the Committee as undeliverable, Committee investigators attempted to locate respondent through various methods without success. Post office records revealed that respondent was no longer receiving mail at her home address and had left no forwarding address. While those records also showed that respondent sometimes received mail at the firm of Carmon & Carmon in Manhattan, when a Committee investigator inquired at that firm, he was advised that respondent had left the United States for India and had left no information on how to contact her. An attorney who assumed responsibility for some of respondent's cases also advised the Committee investigator that she did not know where respondent had moved and did not know how to contact her. Subsequently, the investigator attempted to locate respondent through various methods, including a communication directed to the Bar Association of India, but has been unable to locate her. The Committee states that respondent has not communicated with it in any manner at any time, and has failed to advise the Office of Court Administration of any

changes in her record address or telephone number since her last registration.

The Committee now moves to suspend respondent pursuant to 22 NYCRR 603.4 (e) (1), which authorizes this Court to suspend an attorney from the practice of law, pending consideration of the charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Respondent has failed to respond to the Committee's letters seeking an answer to the complaint and she has failed to respond to a subpoena requiring her appearance. Respondent has failed to amend her address on the attorney registration forms and is delinquent in her fees. Failure to reregister and pay the biennial fees constitutes professional misconduct warranting discipline (*see Matter of Horoshko*, 218 AD2d 339 [1996]). Respondent has not submitted a response to the instant motion and, with her apparent move to India, she has intentionally made herself inaccessible. Such conduct shows a willful noncompliance with a Committee investigation warranting immediate suspension (22 NYCRR 603.4 [e] [1] [i]; *Matter of Boyd*, 308 AD2d 223 [2003]; *Matter of Singer*, 301 AD2d 336 [2002]; *Matter of Wolas*, 236 AD2d 55 [1997]).

Based on the uncontested evidence in the record, the Court finds that respondent's conduct threatens the public interest and warrants a suspension. Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) to suspend respondent from the practice of law should be granted, respondent suspended from the practice of law, effective immediately until the conclusion of pending disciplinary proceedings and until further order of this Court.

Buckley, P.J., Nardelli, Tom, Friedman and Marlow, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary proceedings pending before the Committee have been concluded and until further order of this Court.