[789 NYS2d 108]

In the Matter of BARRY W. HOROWITZ (Admitted as BARRY WAYNE HOROWITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE, FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 6, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*La Trisha A. Wilson* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Barry W. Horowitz was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1970, under the name Barry Wayne Horowitz. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department. Respondent is also admitted to practice law in New Jersey.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation, during the last two years, into his neglect of six client matters. Respondent was served with the instant motion on October 26, 2004 at his New York office address and his New Jersey home address by first class mail and certified mail, return receipt requested. Respondent has not filed a response.

In each of these six client matters, respondent is alleged to have failed to pursue the client's case and to have failed to respond to the client's attempts to contact him. In addition, he has failed to respond to the Committee's numerous efforts to contact him, by telephone, regular mail, certified mail, return receipt requested, and hand-delivered letter, and to obtain his cooperation with its investigation of the complaints against him. In the latter regard, he has failed to appear before the Committee pursuant to two subpoenas duces tecum issued by this Court, one personally-served, and has engaged in evasive conduct. Two affidavits of Committee staff investigators summarize their vain efforts to elicit respondent's cooperation.

Respondent is also delinquent in his registration with the Office of Court Administration (OCA) insofar as he failed to reregister by June 2004 and, as discovered by the Committee investigator, failed to provide to OCA the required notification of his new business telephone number (Judiciary Law § 468-a [2]). Such failure to timely notify OCA constitutes conduct prejudicial to the administration of justice (Judiciary Law § 468-a [5]).

Furthermore, it should be noted that the Committee recently learned that on or about July 23, 2004 (180 NJ 520, 853 A2d

230 [2004]), the Supreme Court of New Jersey suspended respondent for three months for lack of diligence, failure to communicate with a client, practicing law while ineligible to do so, and failure to cooperate with disciplinary authorities. Respondent was on New Jersey's Ineligible List of Lawyers' Fund for Client Protection due to his failure to pay his dues since September 24, 2001. Three days after his New Jersey suspension, respondent paid the outstanding dues. Although required, respondent did not notify this Court or the Committee of this discipline, rather, the Supreme Court of New Jersey contacted the Committee. The Committee states that since it believes it has sufficient evidence to suspend respondent under 22 NYCRR 603.4 (e) (1) (i), it has decided not to wait to receive the record in the New Jersey proceedings to make a reciprocal discipline application.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "(i) . . . the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Respondent's "failure to appear before the Committee in response to a subpoena evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the [Committee's] investigation . . . that threatens the public interest, warranting immediate suspension from the practice of law" (*Matter of Rennie,* 260 AD2d 132, 135 [1999] [citations omitted]). Moreover, his failure to notify this Court or the Committee of his three-month suspension in New Jersey and that he was ineligible since 2001 to practice law in New Jersey for failure to pay attorney dues, his delinquency with regard to his New York attorney fees and the required notification to OCA of the change in his business telephone number, and his default on the instant motion to suspend, further demonstrate his disdain for the rules governing the practice of law and the institutions that administer them.

Accordingly, respondent should be suspended from the practice of law effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

BUCKLEY, P.J., ANDRIAS, SULLIVAN, ELLERIN and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, as indicated, and until further order of this Court.