[797 NYS2d 65]

In the Matter of JOSEPH J. PIERINI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Angela Christmas* of counsel).

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1976. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation into allegations of professional misconduct, which immediately threatens the public interest, his failure to reregister with the Office of Court Administration (OCA) and pay his biennial registration fee, and his failure to inform OCA of changes to his business address and telephone number in violation of Judiciary Law § 468-a.

The Committee opened an investigation into respondent's professional conduct on July 16, 2004 after receiving a complaint from Thomas Vasta, alleging neglect of his medical malpractice matter and failure to communicate about the status of his case. Mr. Vasta, who retained respondent in 1997, stated that in September 2003 respondent advised him that the case had been settled. Despite numerous attempts, Mr. Vasta was unable to contact respondent regarding the status of the settlement. Mr. Vasta has since retained another attorney to assist in the settlement. The Committee's first attempt to send a copy of this complaint to respondent for an answer was made on July 28, 2004. However, that letter was sent to what the Committee now knows is an out of date business address and was returned by the post office as undeliverable.

On August 6, 2004, the Committee opened another investigation after receiving a complaint from Maribel Tirado, similarly alleging neglect and failure to communicate regarding her medical malpractice matter. This complaint listed a different Long Island City business address for respondent. Ms. Tirado, who retained respondent in 1998, alleged that respondent informed her that her case had been settled and, in January 2004, she returned a notarized stipulation of discontinuance to him. Since then, she has been unable to reach respondent and she retained another attorney who settled her case. The settlement calls for an amount representing attorneys' fees to be held in escrow for six months and if respondent fails to claim it, it will be released

to Ms. Tirado less costs and expenses incurred by defense counsel in attempting to locate respondent.

After the Committee's July 28, 2004 letter was returned as undeliverable and prior to notifying respondent of the new Tirado complaint, the Committee's investigator used various methods in an attempt to contact respondent, including leaving phone messages on respondent's office telephone and sending a letter dated August 24, 2004 to his home address, requesting that he contact the Committee, but to no avail.

Thereafter, on September 14, 2004, after the investigator discovered that the business address respondent listed on his OCA records was no longer current, he visited respondent's home address where the building manager confirmed respondent's residence and stated that respondent had been seen a few weeks earlier. On September 24, 2004, the Committee sent a letter, by first class and certified mail, to respondent's Long Island City business address requesting that he contact the Committee regarding the Vasta complaint. That letter was returned by the post office as undeliverable. When the investigator visited that office on October 4, 2004, there was no answer but a stack of at least 50 pieces of mail addressed to respondent were lying at the door. In addition, the building manager had not seen or heard from respondent for several months and stated that he was several months delinquent in paying his rent.

Subsequent attempts were made to contact respondent by first class and certified mail and in person at respondent's home address, asking him to contact the Committee to discuss both complaints.

Despite the foregoing efforts, the Committee states that respondent has failed to respond to the complaints against him or contact the Committee in response to the many letters sent to him and, as a result, by failing to communicate with the Committee and his two complaining clients, respondent has intentionally made himself inaccessible to those to whom he is accountable. The Committee thus seeks to suspend respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee in its investigation.

The Committee's efforts to serve respondent with the present motion were similarly unavailing. On April 13, 2005, an investigator went to respondent's apartment building where the doorman rang respondent's apartment, but there was no response. The doorman stated that he had seen the respondent

the day before. The investigator then hand delivered a copy of the motion to a mailroom employee at respondent's apartment building and mailed a copy to respondent's home address. Respondent has not filed a response to the motion.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "(i) . . . the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Moreover, it appears that respondent has moved his business address and changed his business telephone number, but failed to notify OCA of the changes within 30 days, as required by Judiciary Law § 468-a (2), thereby frustrating the efforts of the Committee to contact him. Respondent has also not reregistered with OCA or paid his biennial attorney registration fees since the 1998/1999 biennial period. Such noncompliance constitutes conduct prejudicial to the administration of justice and warrants reference to this Court for disciplinary action (Judiciary Law § 468-a [5]).

Given respondent's failure to respond to the Committee's numerous letters seeking an answer to the two complaints against him, his failure to amend his business address and telephone number on his attorney registration forms, his failure to reregister and pay his biennial registration fees, which in and of itself constitutes independent grounds for discipline (*see Matter of Horoshko*, 218 AD2d 339, 341 [1996]), and his failure to respond to this motion, it appears that respondent has abandoned his law practice and made himself inaccessible to the Committee and his clients. Such conduct demonstrates a willful noncompliance with a Committee investigation and threatens the public interest warranting an immediate suspension from the practice of law (*see Matter of Kamgar*, 7 AD3d 114, 116 [2004]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.

ANDRIAS, J.P., FRIEDMAN, MARLOW, NARDELLI and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.