[814 NYS2d 602]

In the Matter of WALTER A. MURAWINSKI (Admitted as WALTER A. MURAWINSKI, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 13, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on June 11, 1986, as Walter A. Murawinski, Jr. Although respondent apparently no longer maintains a law office within this Judicial Department, this Court has jurisdiction over respondent inasmuch as for all times relevant to the underlying misconduct his last known business address, as well as another address given by him to the complainant in this matter, are both located in the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation of professional misconduct and uncontested evidence of his failure to register and pay the biennial registration fee as required by Judiciary Law § 468-a (2), which threatens the public interest.

The Committee opened an investigation into respondent's professional conduct on August 20, 2004 after receiving a complaint from a convicted felon, who was incarcerated and who had retained respondent in November 2002 to file a supplemental appellate brief on his behalf. The client alleged that he sparingly talked with respondent, and that from January to March 2003, he received three different addresses at which to contact respondent. Although respondent had promised to send his client a copy of the brief for his review before filing it, he failed to do so. The client's last contact with respondent was May 2003. Subsequently, after his appeals were decided in April 2004, the client filed a complaint with the Committee in August 2004, alleging that respondent improperly and negligently completed and filed a supplemental appellate brief, and failed to maintain contact with him.

Subsequent to October 25, 2004, after it sent a letter to respondent at a law firm at 740 Broadway, the address given to his client, seeking an answer to his client's complaint within 20 days, the Committee learned that respondent was not and never had been a member of the firm which had previously referred some legal matters to him and occasionally permitted him to

use its library and secretarial staff. That firm had also forwarded the Committee's correspondence to respondent's home address.

Starting on October 28, 2004, the Committee sent a copy of the complaint to respondent's last known home address, first by ordinary mail and later by certified mail seeking an answer within 20 days. Although the first letter was not returned to the Committee, respondent did not respond and, on January 28, 2005, the certified letter was returned to the Committee unsigned for after at least two failed delivery attempts. In addition, various methods were used by the Committee's investigator in an attempt to contact respondent but to no avail. As a result, by unpublished order entered January 11, 2006, Presiding Justice Buckley, acting pursuant to Judiciary Law § 90 (6), directed service upon respondent of the Committee's present motion by publication in the New York Law Journal, which was effected on February 14, 2006.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon:

> "(i) the attorney's default in responding to the petition or notice, or the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, . . . or . . .

> "(iii) other uncontested evidence of professional misconduct" (22 NYCRR 603.4 [e] [1] [i], [iii]).

It appears that respondent has failed to notify the Office of Court Administration of any changes of address and telephone numbers and, according to Office of Court Administration records, he last registered and paid his biennial attorney registration fee in May 1998 and is currently delinquent. Attorneys are obligated to notify the Office of Court Administration of any changes to their addresses and telephone numbers within 30 days (*see* Judiciary Law § 468-a). Failure to so notify "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate" Appellate Division for disciplinary action (Judiciary Law § 468-a [5]). Thus, the Committee maintains, respondent's failure to register with the Of-

fice of Court Administration since 1998 and to keep his attorney registration information current has not only frustrated its efforts to contact him, but also constitutes uncontested evidence of professional misconduct, thus serving as an independent basis for imposing discipline (Judiciary Law § 468-a; 22 NYCRR 118.1; *Matter of Schulze*, 1 AD3d 1, 5 [2003]).

The Committee now seeks to suspend respondent from the practice of law until further order of the Court for his failure to cooperate with the Committee's investigation of the complaint against him. The Committee contends that not only has respondent failed to respond to the allegations in the complaint but has failed to contact the Committee in response to the many letters they had sent him, making him inaccessible to the Committee and any clients he may have represented, including the complainant (*Matter of Horowitz*, 14 AD3d 191 [2005]; *Matter of Reis*, 285 AD2d 277 [2001]). Moreover, despite having been duly served with this motion by publication in the New York Law Journal, respondent has failed to communicate with the Committee in any manner, although every effort has been made to make him fully aware of this investigation. Moreover, he has failed to answer the complaint, failed to update his business and home addresses and telephone numbers with the Office of Court Administration, has been delinquent in his attorney registration fees since 2000, and has defaulted on this motion. Indeed, it appears that respondent has abandoned his law practice altogether, making himself inaccessible to the Committee and his clients.

Accordingly, inasmuch as such conduct demonstrates a willful noncompliance with a Committee investigation and threatens the public interest warranting an immediate suspension from the practice of law (*see Matter of Pierini*, 21 AD3d 42, 45 [2005]), the Committee's motion should be granted and respondent immediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) and until the further order of this Court.

ANDRIAS, J.P., SAXE, FRIEDMAN, MARLOW and SULLIVAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Committee have been concluded and until further order of this Court.