[868 NYS2d 620]

In the Matter of Samuel A. Amukele (Admitted as Samuel Anele Amukele), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 20, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Samuel A. Amukele was admitted to the practice of law in the State of New York by the First Judicial Department on August 16, 1993, under the name Samuel Anele Amukele. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation into allegations of professional misconduct, which immediately threatens the public interest, his failure to reregister with the Office of Court Administration (OCA) and pay his biennial registration fee, and his failure to inform OCA of changes to his business address and telephone number in violation of Judiciary Law § 468-a.

On November 9, 2007, the Committee opened an investigation into respondent's professional conduct, after receiving a complaint alleging neglect of an immigration matter and failure to communicate about the status of the case. Specifically, the complainant claimed that in 1996 he retained respondent to represent him in an asylum application. The application was denied after a hearing. Unbeknownst to the complainant, respondent failed to file an appeal before the Bureau of Immigration Appeals. In 2002, when the complainant appeared at respondent's office to inquire about the status of appeal, respondent was not found. Subsequently, when the complainant appeared for a follow-up interview with the Immigration Service, he was arrested and incarcerated, presumably because respondent had taken no further action on behalf of his client upon the denial of the asylum application.

Upon receiving the complaint, the Committee made a series of attempts to contact respondent. Beginning in November 2007, the Committee wrote respondent at his business address requesting a written answer to the complaint. A follow-up letter sent in December 2007 was returned marked "not deliverable as addressed—unable to forward." Thereafter, a Committee investigator unsuccessfully attempted to locate respondent using various computer databases. The investigator also reviewed

a prior 2005 complaint filed against respondent which referred to respondent as having moved to Nigeria.

Respondent is also delinquent in his attorney registration for three biennial registration periods; he has failed to reregister with OCA since June 2003. Respondent has also failed to notify OCA of any changes to his addresses or telephone numbers as required by Judiciary Law § 468-a (2).

After making diligent but unsuccessful efforts to locate respondent and inform him of the investigation into his conduct, the Committee concluded that it was unable to personally serve respondent with the instant interim suspension motion. As a result, by unpublished order entered August 21, 2008, this Court, acting pursuant to Judiciary Law § 90 (6) and 22 NYCRR 601.1, directed service of the Committee's present motion to suspend upon respondent by publication in the New York Law Journal, which was effected on September 12, 2008. Service was also effectuated by mailing a copy of the motion to respondent's last known home and business addressees.

Despite the foregoing efforts, the Committee reports that respondent has failed to respond to the complaint against him or contact the Committee in response to the many letters sent to him. In light of respondent's failure to communicate with the Committee and the complaining client, the Committee concluded that respondent has intentionally made himself inaccessible to those to whom he is accountable. The Committee thus seeks respondent's suspension from the practice of law until further order of the Court due to his failure to cooperate with the Committee in its investigation.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "(i) . . . the attorney's failure . . . to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Moreover, it appears that respondent has moved his business address and changed his business telephone number, but failed to notify OCA of the changes within 30 days, as required by Judiciary Law § 468-a (2), thereby frustrating the efforts of the Committee to contact him. Respondent has also not reregistered with OCA or paid his biennial attorney registration fees since

the 2003 biennial period. Such noncompliance constitutes conduct prejudicial to the administration of justice and warrants reference to this Court for disciplinary action (Judiciary Law § 468-a [5]; *see also Matter of Pierini*, 21 AD3d 42, 45 [2005]).

Given respondent's failure to respond to the Committee's numerous letters seeking an answer to the complaint, his failure to amend his business address and telephone number on his attorney registration forms, his failure to reregister and pay his biennial registration fees, which in and of itself constitutes independent grounds for discipline (*see Matter of Kamgar*, 7 AD3d 114, 115-116 [2004]; *Matter of Horoshko*, 218 AD2d 339, 341 [1996]), and his failure to respond to this motion, it appears that respondent has abandoned his law practice and made himself inaccessible to the Committee and his clients. Such conduct demonstrates a willful noncompliance with a Committee investigation and threatens the public interest warranting an immediate suspension from the practice of law (*see Matter of Benzing*, 43 AD3d 163, 165-166 [2007]; *Matter of Kamgar*, 7 AD3d 114, 116 [2004]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

LIPPMAN, P.J., SWEENY, CATTERSON, ACOSTA and RENWICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.