200

[896 NYS2d 1]

In the Matter of SAMUEL A. AMUKELE (Admitted as SAMUEL ANELE AMUKELE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 22, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Samuel A. Amukele was admitted to the practice of law in the State of New York by the First Judicial Department on August 16, 1993, under the name Samuel Anele Amukele. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered November 20, 2008 (*Matter of Amukele*, 58 AD3d 128 [2008]), this Court suspended respondent from the practice of law on an interim basis for his failure to cooperate with the Departmental Disciplinary Committee in its investigation of professional misconduct. Previously, the Committee had obtained an order from this Court to serve the interim suspension motion upon respondent by publication in the New York Law Journal, which was done in September 2008. Service was also effectuated by mailing a copy of the motion to respondent's last known home and business addresses.

Respondent failed to communicate with the Committee regarding a complaint from a client who alleged that respondent neglected an immigration matter and failed to communicate about the status of the case. Specifically, the complainant claimed that in 1996 he retained respondent to represent him in an asylum application. The application was denied after a hearing. Unbeknownst to the complainant, respondent failed to file an appeal before the Bureau of Immigration Appeals. In 2002 when the complainant appeared at respondent's office to inquire about the status of appeal, respondent was not found. Subsequently, when the complainant appeared for a follow-up interview with the Immigration Service, he was arrested and incarcerated, presumably because respondent had taken no further action on behalf of his client upon the denial of the asylum application.

The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g), without further proceedings, on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the order of suspension.

A copy of this motion was served on respondent via first class mail and certified mail, return receipt requested—however, he

submitted no response (he also failed to respond to the motion for interim suspension).

Inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see Matter of Hoeniger*, 47 AD3d 259 [2007]; *Matter of Johnson*, 22 AD3d 106 [2005]) and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effectively immediately.

SWEENY, J.P., NARDELLI, CATTERSON, ACOSTA and RENWICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.