[919 NYS2d 28]

In the Matter of YONG WANG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Lopez* of counsel), for petitioner.

*Yong Wang*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Yong Wang was admitted to the practice of law in

the State of New York by the Third Judicial Department on June 23, 1998. Although it appears that he no longer maintains a law office within this state, because his last known business address and the home address listed on his last attorney registration are both located within this Judicial Department, this Court maintains jurisdiction over this matter pursuant to 22 NYCRR 603.1 (*see Matter of Fletcher*, 70 AD3d 63, 64 [2009]).

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation into complaints of professional misconduct which threatens the public interest, and his failure to register with the Office of Court Administration and pay his biennial registration fee as required by Judiciary Law § 468-a.

The Committee's investigation into respondent's conduct began when it received complaints from three clients of respondents, two of whom complained that respondent had neglected their immigration matters, another who complained of respondent's failure to communicate and to turn over files. After notices sent to all of respondent's known addresses were returned as undeliverable, a Committee investigator obtained information that respondent had moved to China, and located a former colleague of respondent's, who forwarded the Committee's e-mail to respondent in China.

In e-mail to the Committee, respondent indicated that he had closed his office in November 2008 and moved back to China after that. He explained that he had taken no steps to formally resign because he thought nonpayment of the biennial registration fee would serve to inform the Committee that he had discontinued his practice.

The Committee then informed respondent by responsive e-mail that he was required to provide a mailing address where he could be reached, and to formally answer the three client complaints, or, in the alternative, to acknowledge the misconduct and pursue a disciplinary resignation. Although respondent continued to ask, through e-mail, for further information about the complaints, he did not provide a mailing address.

In the absence of a means of personally serving respondent with this interim suspension motion, the Committee sought and received an order directing service by publication, which was effectuated.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of

34 

charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon "the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Respondent's inaccessibility, his failure to submit written answers responding to the complaints, to advise of his address change and to answer this motion, together demonstrate a complete disregard for his duties as an attorney, constituting professional misconduct immediately threatening the public interest, such as warrants his immediate suspension from the practice of law (*see* 22 NYCRR 603.4 [e] [1] [i]; *Matter of Amukele*, 58 AD3d 128 [2008]; *Matter of Pierini*, 21 AD3d 42 [2005]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until further order of this Court.

SAXE, J.P., McGUIRE, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.