OPINION OF THE COURT
Per Curiam.
Respondent Henry A.O. Banji was admitted to the practice of law in the State of New York by the Third Judicial Department on September 27, 2005, under the name Henry Aderemi 01-ubunmi Banji. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee (DDC) seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court. The basis for the Committee’s application is respondent’s failure to cooperate with the Committee’s investigation of allegations of his professional misconduct, which failure threatens the public interest. An additional basis for the application is respondent’s failure to register with the Office of Court Administration (OCA) and pay his biennial registration fee, in violation of Judiciary Law § 468-a.
The Committee opened an investigation into respondent’s conduct after receiving a complaint in July 2011 from a client who alleged that he had neglected an immigration matter. It is alleged that respondent failed to file an appellate brief on behalf of this client, resulting in dismissal of his appeal.
By letter dated August 5, 2011, the Committee mailed a copy of the complaint to respondent’s office requesting a written answer within 20 days. When no response was forthcoming, the Committee sent a second letter, dated September 6, 2011, this time via first-class mail and certified mail, return receipt requested. The certified letter was returned for “insufficient address,” but the first-class letter was not returned. Beginning in October 2011, the Committee’s investigator attempted on numerous occasions to locate respondent by leaving telephone voicemail messages, sending letters to his home address and business address (none of which were returned), and by conducting a LexisNexis search in which he obtained an additional mailing address for respondent in Texas. In May 2012, the *75 investigator sent two letters to respondent at the Texas address, one by first-class mail and the other by certified mail. Both letters were returned to the Committee marked “attempted [to deliver]” and “unable to forward.”
On September 13, 2012, the Committee investigator went to respondent’s business address and confirmed that he no longer practices at that Bronx location. To date, respondent has not replied to the Committee with respect to the pending complaint against him, nor has he otherwise contacted the DDC.
The Committee, believing every effort had been made to obtain respondent’s cooperation with its investigation, and having never received a proper mailing address, concluded that it was unable to serve respondent personally with the instant interim suspension motion. Accordingly, by unpublished order entered December 14, 2012, the Presiding Justice of this Court granted the Committee’s motion for an order, pursuant to Judiciary Law § 90 (6) and 22 NYCRR 601.1, permitting notice of this application to be given respondent by publication in the New York Law Journal. Service was also effectuated by mailing a copy of the motion to respondent’s last known business and home address, as well as the Texas address. Nonetheless, respondent has not appeared on this motion.
The Committee notes that respondent is delinquent in his attorney registration inasmuch as he failed to register for the then-current biennial period (2011-2012). Respondent has also failed to notify OCA of changes to his addresses and telephone numbers within 30 days of such change, as required by Judiciary Law § 468-a (2), thereby frustrating the Committee’s attempts to communicate with him regarding its investigation. Such conduct has been found to be prejudicial to the administration of justice and has been referred for appropriate disciplinary action (Judiciary Law § 468-a [5]).
Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon “the attorney’s default in responding to the petition or notice, or the attorney’s failure ... to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation” (22 NYCRR 603.4 [e] [1] [i]).
Respondent’s inaccessibility, his failure to answer the complaint and his failure to answer this motion, all demon *76 strate a total disregard for his duties as an attorney and constitute professional misconduct that immediately threatens the public interest, thereby warranting his immediate suspension from the practice of law (22 NYCRR 603.4 [e] [1] [i]; see Matter of Amukele, 58 AD3d 128 [1st Dept 2008]; Matter of Pierini, 21 AD3d 42 [1st Dept 2005]; Matter of Horowitz, 14 AD3d 191 [1st Dept 2005]; Matter of Kamgar, 7 AD3d 114 [1st Dept 2004]). Respondent’s failure to keep his attorney registration current is another ground for disciplinary action (Matter of Murawinski, 30 AD3d 129 [1st Dept 2006]; Matter of Schulze, 1 AD3d 1 [1st Dept 2003]).
Accordingly, the Committee’s motion should be granted, and respondent is suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until further order of the Court.
Andrias, J.E, Friedman, Acosta, Freedman and Clark, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.