*77 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on October 18, 1999 under the name Eugene Chidiebere Anyikwa. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee’s investigation into allegations of professional misconduct, which immediately threatens the public interest, and his failure to inform the Office of Court Administration (OCA) of changes to his business address and telephone number in violation of Judiciary Law § 468-a (2).
The Committee commenced an investigation into respondent’s conduct after receiving three disciplinary complaints between September and December 2011 from clients who alleged that he had neglected their legal matters and failed to communicate with them. Upon receiving these complaints, the Committee made a series of attempts to contact respondent.
By letter dated September 13, 2011, the Committee mailed a copy of the first complaint to respondent’s office requesting a written answer within 20 days. When no answer was forthcoming, the Committee telephoned his office and left a message on his answering machine. A second letter was sent by certified mail return receipt requested and regular mail on October 5, 2011. Neither letter was returned to the Committee and respondent failed to submit an answer to the complaint.
Beginning on October 20, 2011, the Committee’s investigator attempted on several occasions to contact respondent by telephone to no avail. On October 31, 2011, the investigator went to respondent’s home and last known business addresses, but there was no response. Throughout December 2011 and January 2012, the Committee continued its efforts to contact respondent. These efforts included sending an address verification request to the U.S. Postal Service, conducting a Department of Motor Vehicles search, contacting former known associates, and conducting Lexis and Google searches, all without success.
Further, letters were sent to respondent on April 6, 2012 with copies of two complaints filed against him. Those letters were *78 sent by regular and certified mail at the three addresses that were purported to be associated with respondent. To date, respondent has not replied to the Committee with respect to the three pending complaints against him, nor has he otherwise contacted the Committee.
After making diligent but unsuccessful efforts to obtain respondent’s cooperation with its investigation, the Committee concluded that it was unable to personally serve respondent with the instant interim suspension motion. As a result, by unpublished order entered December 14, 2012, the Presiding Justice of this Court granted the Committee’s motion for an order, pursuant to Judiciary Law § 90 (6) and 22 NYCRR 601.1, permitting notice of this application to be given respondent by publication in the New York Law Journal, which was effected on January 14, 2013. Service was also effectuated by mailing a copy of the motion to respondent’s last known business and home addresses, as well as an address in Yonkers, New York, which respondent used when he renewed his driver’s license in 2011. Despite these efforts, respondent has not responded to the instant motion, complaints against him or contacted the Committee regarding the letters sent to him.
The Committee notes that respondent has failed to notify OCA of changes to his addresses and telephone numbers within 30 days of such change, as required by Judiciary Law § 468-a (2), thereby frustrating the Committee’s efforts to communicate with him regarding its investigation of the three pending complaints. Such conduct has been found to be prejudicial to the administration of justice and has been referred for appropriate disciplinary action (Judiciary Law § 468-a [5]).
Given respondent’s inaccessibility, his failure to answer the complaints and his failure to answer this motion, we find that respondent has wilfully failed to cooperate with the Committee’s investigation (Matter of Millstone, 88 AD3d 283, 285 [1st Dept 2011]). Respondent’s noncompliance with the Committee’s investigation demonstrates a complete disregard for his duties and obligations as an attorney. Such conduct constitutes professional misconduct that immediately threatens the public interest, thereby warranting his immediate suspension from the practice of law (22 NYCRR 603.4 [e] [1] [i]; see Matter of Amukele, 58 AD3d 128, 131 [1st Dept 2008]; Matter of Pierini, 21 AD3d 42 [1st Dept 2005]; Matter of Horowitz, 14 AD3d 191 [1st Dept 2005]; Matter of Kamgar, 7 AD3d 114 [1st Dept 2004]). Moreover, respondent’s failure to keep his attorney registration *79 current with the Office of Court Administration serves as another ground for disciplinary action (Matter of Murawinski, 30 AD3d 129 [1st Dept 2006]; Matter of Schulze, 1 AD3d 1 [1st Dept 2003]).
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.
Acosta, J.E, Moskowitz, Renwick, Freedman and Clark, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.