*127 OPINION OF THE COURT
Per Curiam.
Respondent James C. Jones was admitted to the practice of law in the State of New York by the First Judicial Department on March 17, 1975, under the name James Carl Jones.* At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee opened an investigation into respondent’s conduct after receiving a complaint in June 2012 from a client alleging neglect of a financial trust account FBO for her late father. The client allegedly paid respondent a $7,500 retainer in July 2010 and, thereafter, had no further meaningful communication. Respondent allegedly failed to respond to the client’s many emails requesting a status report and accounting for the retainer, nor has he returned her documents as she requested beginning in January 2012.
By letter dated July 6, 2012, the Committee mailed a copy of the complaint to respondent’s office requesting a written answer within 20 days. On July 31, 2012, respondent telephoned the Committee seeking an extension, which was granted until August 9. When no answer was submitted the Committee sent a second letter dated August 14, 2012, this time via first class mail and certified mail return receipt requested, directing an answer within 10 days and citing to cases in which attorneys were suspended for their failure to cooperate. The certified letter receipt was signed by respondent on August 15, but still no answer was filed. On November 13, 2012, a Committee Staff Attorney spoke with respondent by telephone. Respondent explained that he had several heart procedures and had another one scheduled for November 19. He agreed to write the Committee prior to November 19 documenting his medical issues, but he failed to do so. On December 4, 2012, Committee Staff spoke with respondent, who claimed he had additional surgery but was working on a response to the complaint. Although respondent promised to submit the documentation regarding his health by December 10, 2012, and also file his answer, neither were received by the Committee.
*128 Consequently, a judicial subpoena duces tecum dated December 27, 2012 was issued, requesting respondent’s personal appearance on January 24, 2013 and production of his client file related to the complaint. Pursuant to a phone call with the Committee’s investigator, respondent agreed to accept service of the subpoena by mail (which was sent on January 20, 2013). On January 23, respondent left a phone message for the assigned Committee Staff attorney stating that Access-A-Ride was not available to transport him to the Committee’s office the next day for his deposition. That evening the Committee Attorney returned respondent’s call and agreed to adjourn his appearance but directed him to call the next day in order to reschedule the date; respondent promised he would call.
Notwithstanding his assurances, respondent did not call on January 24. On January 25, 2013, the Committee wrote respondent and advised him that the adjourned date of the subpoena was February 4, 2013, for production of the complainant’s file, and February 14 for his personal appearance, and there would be no further adjournments. This letter was returned due to a typographical error in the address. The Committee then hand delivered the letter to respondent’s correct address with a cover letter dated February 5, adjourning the date for him to submit his client file to February 8, but keeping the date of his personal appearance at February 14, 2013. Respondent confirmed by phone that he had received the hand-delivered letter.
Respondent missed both deadlines. On February 14, however, respondent faxed a letter to the Committee, citing to his medical issues as the reason for his delay (four cardio-vascular procedures during the past year resulting in 15 stents inserted in his heart and legs) and that more procedures were required; stating that the medication that he takes, causes him fatigue, lack of focus and occasional lack of concentration; and that due to his limited mobility (walks with a cane and can only sit or stand for 10 minutes at a time), he has obtained Access-A-Ride services but they do not commence until 21 days from his eligibility assessment date, which was February 5, 2013.
One of the attachments was a letter from his treating cardiologist dated September 1, 2012, explaining that respondent has been under his care since August 2011, and detailing his serious health issues. The cardiologist confirmed that respondent had undergone several inpatient hospital procedures “over the last year” and requires more procedures. Respondent’s ability to walk/exercise has been limited due to his conditions and “he *129 has had to cut back on his workload and miss several scheduled appointments.”
Upon receipt of this attachment the Committee called respondent and reminded him that he still had a duty to respond to the client’s requests to return her documents. Respondent represented that he would call her. The Committee asserts that respondent has not called the complainant nor has he returned her documents.
In anticipation of filing the instant motion to suspend, the Committee contacted the cardiologist for an update of respondent’s medical condition (since the doctor’s September 2012 letter). On April 10, 2013, the cardiologist advised, by telephone, that respondent’s condition remains substantially the same. He opined that respondent’s ability to walk is compromised, thus, possibly limiting court appearances, however, his condition did not prevent him from working at his desk.
Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon “the attorney’s default in responding to the petition or notice, or the attorney’s failure ... to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation” (22 NYCRR 603.4 [e] [1] [i]; see Matter of Amukele, 58 AD3d 128 [1st Dept 2008]; Matter of Pierini, 21 AD3d 42 [1st Dept 2005]; Matter of Horowitz, 14 AD3d 191 [1st Dept 2005]; Matter of Kamgar, 7 AD3d 114 [1st Dept 2004]).
Here, respondent failed to comply with the Committee’s requests for an answer to the complaint alleging neglect, for production of his client file and to appear pursuant to a judicial subpoena. Respondent was granted an extension of time to submit an answer and an adjourned date to appear for his examination under oath but he failed to comply. According to respondent’s own documentation, transportation by Access-A-Ride had been available to him since at least February 26, 2013 but he still did not contact the Committee. Moreover, respondent has disregarded the Committee’s strong reminder to contact the complainant to return her documents after promising the Committee he would do so.
While respondent’s cardiologist has confirmed his medical issues, he also stated that respondent’s condition does not prevent *130 him from working at his desk and, therefore, at the very least respondent could answer the complaint and arrange for his client file to be transported.
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of the Court.
Acosta, J.E, Saxe, Renwick, Richter and Clark, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until further order of this Court.

 Respondent, pro se, has not appeared in this proceeding and is currently delinquent in his attorney registration.