[973 NYS2d 2]

In the Matter of JASON V. OBTEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 17, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jason V. Obten was admitted to the practice of law in the State of New York by the First Judicial Department on July 24, 2000. Although respondent's last known business address listed with the Office of Court Administration (OCA) is in New Mexico, this Court has jurisdiction over him based upon his admission by this Court.

In accordance with 22 NYCRR 603.4 (e) (1) (i) and (iii), the Departmental Disciplinary Committee moves for an order immediately suspending respondent from the practice of law because of uncontested evidence of his professional misconduct and his failure to cooperate with the Committee's investigation of misconduct.

In May 2011, the Committee received a complaint filed by a client who in September 2010 had retained respondent to help him collect on a jury award. The client alleged that he had paid respondent an initial fee of $500. Initially, respondent provided the client with status updates and drafted an assignment of the judgment for the client's signature, but by January 2011 respondent had stopped answering his client's inquiries by email and telephone. Thereafter respondent ignored the client's demands for a refund of his $500 and the return of the assignment.

The Committee made numerous fruitless attempts to contact respondent in connection with the complaint. In July 2011, the Committee mailed a copy of the complaint to respondent at the New Mexico address and requested a response, but it did not receive a reply. A second mailing in August 2011 was returned marked "undeliverable due to a vacant address."

Thereafter, the Committee searched the public records and obtained a California address for respondent. In April 2012, the Committee sent the complaint to respondent by certified mail at the California address and requested his response within 20 days. The signature on the letter's return receipt appears to match respondent's signature on his 2008 OCA attorney registration, but respondent did not respond to the mailing or otherwise contact the Committee. In May 2012, the Committee again mailed a copy of the complaint to the California address and warned respondent that his failure to cooperate constituted grounds for suspension. No response was forthcoming.

In August 2012, the Committee obtained a new address for respondent in South Carolina. That month, the Committee wrote to respondent at the South Carolina address, but in September 2012 the letter was returned marked "attempted — not known unable to forward."

Before filing this motion, the Committee made further unsuccessful attempts to contact respondent via phone and fax numbers and an email address it had obtained, and a Committee investigator personally attempted to deliver a copy of the complaint to respondent at the address that the client listed on the complaint. To date, respondent has failed to answer the complaint or otherwise respond to the Committee's inquiries.

Respondent never notified OCA of his changed addresses and telephone numbers, and in fact OCA records indicate that respondent last registered in March/April 2008 and is currently delinquent for the biennial periods of 2010/2011 and 2012/2013. Attorneys are obligated to notify OCA of any changes to their addresses and telephone numbers within 30 days (*see* Judiciary Law § 468-a). Failure to notify OCA of such changes "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate" Appellate Division for disciplinary action (Judiciary Law § 468-a [5]).

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct that immediately threatens the public interest. Such a finding may be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure . . . to comply with any lawful demand of this court or the [Committee] made in connection with any investigation, . . . or . . .

"(iii) other uncontested evidence of professional misconduct." (22 NYCRR 603.4 [e] [1]).

Respondent's failure to register since 2008 and keep his addresses and telephone numbers current with OCA serves as an independent basis for imposing discipline (*see Matter of Schulze*, 1 AD3d 1, 5 [1st Dept 2003]), and constitutes "uncontested evidence of professional misconduct" (Judiciary Law § 468-a; 22 NYCRR 118.1; *see Matter of Auslander*, 74 AD3d 93 [1st Dept 2010]; *Matter of Kaplan*, 49 AD3d 107 [1st Dept 2008]; *Matter of Murawinski*, 30 AD3d 129 [1st Dept 2006]). Moreover, respondent has not paid registration fees since 2010, has failed to answer the complaint or respond to Committee's inquiries, and has defaulted on this motion.

Respondent appears to have abandoned the practice of law and has become inaccessible to the Committee and his clients. Such conduct demonstrating a willful noncompliance with a Committee investigation threatens the public interest and warrants immediate suspension from the practice of law (*see Matter of Pierini*, 21 AD3d 42, 45 [1st Dept 2005]).

Accordingly, the motion is granted and respondent is hereby immediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) and until the further order of this Court.

RENWICK, J.P., DEGRASSE, FREEDMAN, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.